[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS K. KAHN
CLERK

No. 04-16353
Non-Argument Calendar

_____

D. C. Docket No. 00-00262-CR-J-20HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALLEN ARNOLD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2005)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

William Allen Arnold, pro se, appeals the district court's revocation of his

supervised release. Arnold challenges his underlying conviction and sentence, and contends that the probation officer who submitted a petition notifying the court that he violated conditions of his supervised release engaged in the unauthorized practice of law, that the sentencing judge erred in failing to recuse himself, and that the district court violated the Separation of Powers doctrine by sentencing him to a term of imprisonment based on his violation of a condition of supervised release.

We find no error. We will not consider Arnold's arguments challenging his underlying conviction because this Court affirmed Arnold's conviction on direct appeal, and this is not a 28 U.S.C. § 2255 proceeding. We likewise do not consider Arnold's arguments challenging his underlying sentence, because the sentence is presumed valid and cannot be challenged in a revocation proceeding. By reporting to the court the status of Arnold's supervised release, the probation officer is not engaging in the unauthorized practice of law. We find no error in the procedures utilized by the district court below and find no abuse of discretion in the revocation of Arnold's supervised release, or in the district court judge's refusal to recuse himself from the sentencing proceeding, as there is no evidence of any personal bias or prejudice by the district court judge against Arnold. Finally, the revocation of supervised release process does not violate the Separation of Powers doctrine.

**AFFIRMED.**